**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Philip D. Burton,               ) | C/A No. 4:11-03335-CMC-TER |
|                                 ) | |
|     Plaintiff,           ) | |
| v.                              ) | **ORDER** |
|                                 ) | |
| Carolyn W. Colvin,              ) | |
| Acting Commissioner of Social Security ) | |
| Administration,[1]              ) | |
|                                 ) | |
|     Defendant.           ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on June 27, 2013, recommends that the decision of the Commissioner be reversed and the matter remanded for further proceedings. Dkt. No. 38. The Commissioner filed objections to the Report on July 2, 2013. Dkt. No. 41. For reasons set forth below, the court adopts the Report, reverses the Commissioner's decision, and remands the matter to the Commissioner for

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

1

further proceedings.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From

this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report recommends that the Commissioner's decision be reversed and this action be remanded for further proceedings to consider additional evidence submitted to the Appeals Council. The additional evidence includes new opinion evidence from two of Plaintiff's treating physicians, which appears to conflict with evidence relied on by the ALJ. Based on the substance of the additional evidence, and because the Appeals Council denied Plaintiff's request for review without weighing the additional evidence, the Report finds that the court cannot determine whether the Commissioner's decision is supported by substantial evidence.

The Commissioner objects to the Report's recommendation that remand is necessary, arguing that the Report interprets *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), "too strictly." Dkt. No. 41 at 2 ("Since, as the Magistrate Judge acknowledges, the Appeals Council does not have to expressly weigh evidence submitted to it, his construction of *Meyer* would allow a Plaintiff to achieve remand based simply upon submission of any additional evidence of any worth, timely or untimely, relevant or irrelevant, to the Appeals Council."). *Meyer* certainly anticipates that cases may be remanded for further proceedings when new evidence is submitted to the Appeals Council that appears to conflict with one or more critical bases in the ALJ's opinion and when the Appeals Council fails to explain

why that new evidence did not affect a claimant's disability determination.[2]  Here, the ALJ discounted the disability opinion of Dr. McCaffrey, citing, *inter alia,* the lack of other opinion evidence consistent with Dr. McCaffrey's opinion.  Tr. 33.  Plaintiff submitted opinions to the Appeals Council from treating physicians Drs. Boatwright (Tr. 893-900) and Vest (Tr. 1041-48).  Both physicians' opinions find that Plaintiff is disabled and set forth restrictions that substantiate Dr. McCaffrey's opinion.  The court finds that, consistent with *Meyer*, remand is appropriate for consideration of the additional evidence submitted to the Appeals Council.  The court, therefore, rejects the Commissioner's objection.

The Commissioner also argues that the opinions are not relevant because they were obtained after Plaintiff's date of last insured ("DLI").  However, as recently explained by the Fourth Circuit, medical evidence created after a claimant's DLI may be relevant to prove a disability existing prior to the DLI.  *See Bird v. Astrue*, 699 F.3d 337, 340 (4th Cir. 2012) ("Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI.").  Dr. Vest began treating Plaintiff in July 2008, five months before his DLI of December 2008.  Dr. Vest also opined that Plaintiff's

---

[2] In *Meyer*, the ALJ denied benefits to claimant based, in part, on the lack of a medical opinion from claimant's treating physician.  662 F.3d at 703.  After claimant submitted a medical opinion from his treating physician to the Appeals Council, the Appeals Council denied review of his case without any explanation, and the ALJ's decision became the decision of the Commissioner. *Id.* at 703-04.  The district court affirmed the Commissioner's decision, but the Fourth Circuit reversed.  The Fourth Circuit held that the regulatory scheme does not require the Appeals Council to explain its reasoning when denying review of an ALJ decision.  *Id.* at 706.  However, the court could not determine whether the ALJ's decision was supported by substantial evidence in light of the new, material evidence.  *Id.* at 707.  The Fourth Circuit, therefore, reversed the Commissioner's decision and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g).  *Id.*  As shown by *Meyer*, the fact that the Appeals Council is not required to provide an explanation does not suggest that cases will not be remanded for lack of explanation in certain circumstances.

symptoms and limitations have existed since 1999. Dr. Boatwright began treating Plaintiff in January 2009, one month after Plaintiff's date of last insured. The court cannot say that the evidence created after December 2008 does not relate back to the relevant time period. Indeed, the ALJ relied on medical records in 2009, including Dr. Boatwright's medical records dated October 2009.

In light of the new evidence that appears to conflict with one or more critical bases in the ALJ's opinion, and the lack of explanation by the Appeals Council as to why that new evidence did not affect Plaintiff's disability determination, the court cannot say that the ALJ's decision is supported by substantial evidence. The court adopts the Report, reverses the Commissioner's decision, and remands the matter for further proceedings to consider the additional evidence. On remand, the ALJ shall also evaluate Plaintiff's residual functional capacity ("RFC") in light of all of the evidence, and engage a vocational expert if necessary.

## CONCLUSION

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g), and remands the matter to the Commissioner for further proceedings.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2013