**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Philip D. Burton, ) | C/A No. 4:11-03335-CMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER GRANTING PETITION** |
| v. ) | **FOR ATTORNEY'S FEES** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks an award of attorney's fees in the amount of $2,690.92, representing 14.5 attorney hours at a rate of $185.58 per hour, plus costs in the amount of $300.00. Defendant ("Commissioner") opposes the petition, arguing that Plaintiff is not entitled to an award of fees because the Commissioner's position in this case was substantially justified. The Commissioner does not object to reimbursement of costs in the amount of $300.00. For reasons set forth below, the court finds that the Commissioner's position was not substantially justified and awards Plaintiff attorney's fees and costs.

**STANDARD**

Under the EAJA, a court is directed to award reasonable attorney's fees to a prevailing party

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court will refer to the Acting Commissioner as the Commissioner.

in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

## FACTS

Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging disability as of May 18, 1999. The ALJ, in a decision issued October 30, 2008, found Plaintiff not disabled and denied his claim. Plaintiff appealed this decision to the Appeals Council and submitted new evidence for consideration. This evidence included new opinion evidence from two of Plaintiff's treating physicians, which appears to conflict with evidence relied on by the ALJ. The Appeals Council, after considering the additional information, denied Plaintiff's request for review.

Plaintiff then filed this action on December 8, 2011. Dkt. No. 1. On June 27, 2013, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed and the matter remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 38.

The Commissioner objected to the Report. Dkt. No. 41. On July 11, 2013, the court adopted the Report, reversed the Commissioner's decision, and remanded the case. Dkt. No. 43. The court found that, consistent with *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), remand was appropriate to consider additional evidence submitted to the Appeals Council:

> Here, the ALJ discounted the disability opinion of Dr. McCaffrey, citing, *inter alia,* the lack of other opinion evidence consistent with Dr. McCaffrey's opinion. Tr. 33. Plaintiff submitted opinions to the Appeals Council from treating physicians Drs. Boatwright (Tr. 893-900) and Vest (Tr. 1041-48). Both physicians' opinions find that Plaintiff is disabled and set forth restrictions that substantiate Dr. McCaffrey's opinion.

Dkt. No. 43 at 4 (citing *Meyer*, which anticipates cases may be remanded for further proceedings when new evidence appears to conflict with one or more critical bases in ALJ's opinion and Appeals Council fails to explain why new evidence does not affect a claimant's disability determination).

On September 12, 2013, Plaintiff filed a petition for attorney's fees pursuant to the EAJA. Dkt. No. 49. On September 30, 2013, the Commissioner filed an opposition to Plaintiff's EAJA petition, arguing that the Commissioner's position was substantially justified. Dkt. No. 50.

## DISCUSSION

The Commissioner argues that it was reasonable to support the Commissioner's decision despite the new evidence submitted to the Appeals Council. The court finds that, based on *Meyer*, the Commissioner was not substantially justified in her position.

In *Meyer*, the ALJ denied benefits to claimant based, in part, on the lack of a medical opinion from claimant's treating physician. 662 F.3d at 703. After claimant submitted a medical opinion from his treating physician to the Appeals Council, the Appeals Council denied review of his case without any explanation, and the ALJ's decision became the decision of the Commissioner. *Id.* at 703-04. The district court affirmed the Commissioner's decision, but the Fourth Circuit reversed

3

the district court's decision. The Fourth Circuit held that the regulatory scheme does not require the Appeals Council to explain its reasoning when denying review of an ALJ decision. *Id.* at 706. However, the court could not determine whether the ALJ's decision was supported by substantial evidence in light of the new, material evidence. *Id.* at 707. The Fourth Circuit, therefore, reversed the Commissioner's decision and remanded the case for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* As shown by *Meyer*, the fact that the Appeals Council is not required to provide an explanation does not suggest that cases will not be remanded for lack of explanation in certain circumstances.

Here, the Commissioner must show not only that she was substantially justified in defending an administrative record without an explanation by the Appeals Council, but also in defending an administrative record with new evidence that contradicts or conflicts with one or more critical bases in the ALJ's written opinion. Dkt. No. 32 at 2. In light of the new evidence that appears to conflict with one or more critical bases in the ALJ's opinion, and the lack of explanation by the Appeals Council as to why that new evidence did not affect Plaintiff's disability determination, the Commissioner has not met her burden of establishing that she was substantially justified in defending this action under these circumstances.[2]

---

[2] The Commissioner also argues that she was substantially justified in not considering the new evidence because the physicians' opinions post-date Plaintiff's date of last insured ("DLI"). As explained in the court's order adopting the Report:

> [A]s recently explained by the Fourth Circuit, medical evidence created after a claimant's DLI may be relevant to prove a disability existing prior to the DLI. *See Bird v. Astrue*, 699 F.3d 337, 340 (4th Cir. 2012) ("Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI."). Dr. Vest began treating Plaintiff in July 2008, five months before his DLI of December 2008. Dr. Vest also opined that Plaintiff's symptoms and limitations

4

# CONCLUSION

For reasons set forth above, the court grants Plaintiff's petition for attorney's fees under the EAJA.  The court awards Plaintiff $2,690.92 in attorney's fees and $300.00 in costs.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 21, 2013

---

    have existed since 1999.  Dr. Boatwright began treating Plaintiff in January 2009, one month after Plaintiff's date of last insured.  The court cannot say that the evidence created after December 2008 does not relate back to the relevant time period.  Indeed, the ALJ relied on medical records in 2009, including Dr. Boatwright's medical records dated October 2009.

Dkt. No. 43 at 4-5.